IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | |
| Plaintiff, | Civil Action No. 20-cv-7766 |
| | ECF Case |
| v. | |
| | **COMPLAINT** |
| RED ONE PLAZA, LLC d/b/a LUCY'S CANTINA ROYALE, HOST RESTAURANTS, IMIAN PARTNERS, LLC, CAMP 1382, LLC d/b/a CAMPAGNOLA, HOST RG 40, LLC d/b/a PRINTER'S ALLEY, HOST RG 54, LLC d/b/a BILL'S TOWNHOUSE, LOCAL WEST, LLC d/b/a LOCAL NYC, 45 MERCER RESTAURANT, LLC d/b/a GALLI, HOST RG MERCER, LLC, HOST RG 74, LLC, and HOST 1373, LLC, | JURY TRIAL DEMANDED |
| Defendants. | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex (pregnancy) and to provide appropriate relief to Charging Party Miccol DeGracia, who was adversely affected by such practices. As alleged with greater particularity in paragraphs 42-47 below, Defendants Red One Plaza LLC d/b/a Lucy's Cantina Royale ("Lucy's Cantina Royale"), Host Restaurants, Imian Partners, LLC ("Imian Partners"), Camp 1382, LLC d/b/a Campagnola ("Campagnola"), Host RG 40, LLC d/b/a Printer's Alley ("Printer's Alley"), Host RG 54, LLC d/b/a Bill's Townhouse ("Bill's Townhouse"), Local West, LLC d/b/a Local NYC ("Local NYC"), 45 Mercer Restaurant, LLC d/b/a Galli ("Galli"), Host RG Mercer, LLC, Host RG 74, LLC, and Host 1373, LLC, collectively fired DeGracia because of her sex (pregnancy).

1

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of New York.

## PARTIES

3. Plaintiff, the U.S. Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. Defendant Lucy's Cantina Royale, a New York corporation, is a Mexican restaurant located near Penn Station in Manhattan, New York.

5. Defendant Host Restaurants owns and operates restaurants located in Manhattan, New York.

6. Defendant Imian Partners, a Connecticut corporation, owns and operates restaurants located in Manhattan, New York and elsewhere, in addition to investing in real estate.

7. Defendant Campagnola, a New York corporation, is an Italian restaurant located in the Upper East Side of Manhattan, New York.

8. Defendant Printer's Alley, a New York corporation, is a sports bar and event space near Times Square in Manhattan, New York.

9.     Defendant Bill's Townhouse, a New York corporation, is an American restaurant located in Midtown East in Manhattan, New York.

10.    Defendant Local NYC, a New York corporation, is a beer garden located near Madison Square Garden in Manhattan, New York.

11.    Defendant Galli, a New York corporation, is an Italian restaurant located in the Soho section of Manhattan, New York.

12.    Defendant Host RG Mercer, LLC, a New York corporation, is a corporate entity affiliated with Defendant Galli.

13.    Defendant Host RG 74, LLC, a New York corporation, is a restaurant in development in Manhattan, New York.

14.    Defendant Host 1373, LLC, a New York corporation, is a restaurant in development in Manhattan, New York.

15.    Defendant Host Restaurants is owned by Curt Huegel.

16.    Defendant Host Restaurants and Huegel own Defendants Lucy's Cantina Royale, Campagnola, Printer's Alley, Bill's Townhouse, Local NYC, Galli, Host RG Mercer, LLC, Host RG 74, LLC, and Host 1373, LLC.

17.    Defendant Imian Partners is co-owned by John Heil.

18.    Defendant Imian Partners and Heil are also owners of Defendants Lucy's Cantina Royale, Printer's Alley, and Local NYC.

19.    Defendants have additional common owners.

20.    Defendant Host Restaurants is managed by Huegel.

21.    Defendant Imian Partners is co-managed by Heil.

22. Defendant Host Restaurants and Huegel manage Defendants Lucy's Cantina Royale, Campagnola, Printer's Alley, Bill's Townhouse, Local NYC, Galli, Host RG Mercer, LLC, Host RG 74, LLC, and Host 1373, LLC.

23. Defendant Host Restaurants employs Sean Ryan as its Director of Operations. In that role, he manages Defendants Lucy's Cantina Royale, Campagnola, Printer's Alley, Bill's Townhouse, Local NYC, and Galli.

24. Defendant Imian Partners and Heil also manage Defendants Lucy's Cantina Royale, Printer's Alley, and Local NYC.

25. Defendants have additional common managers.

26. Defendant Host Restaurants' and Huegel's management authority over Defendants Lucy's Cantina Royale, Campagnola, Printer's Alley, Bill's Townhouse, Local NYC, Galli, Host RG Mercer, LLC, Host RG 74, LLC, and Host 1373, LLC, includes the setting of employment policies, the power to hire and fire employees, and/or setting employees' rates of pay.

27. Defendant Host Restaurants' and Sean Ryan's management authority over Defendants Lucy's Cantina Royale, Campagnola, Printer's Alley, Bill's Townhouse, Local NYC, and Galli includes oversight of restaurant operations, the power to hire and fire employees, and human resources functions including oversight of new employee onboarding, employee discipline, maintaining employment records, and/or receiving and responding to discrimination and harassment complaints. By way of example, the employee handbook for Defendant Lucy's Cantina Royale "encouraged" employees to "contact Sean Ryan at the corporate office at sryan@hostrestaurants.com" in order "to discuss any work-related problem." Defendant Lucy's

Cantina Royale also sent to Defendant Host Restaurants, via Sean Ryan, a daily report on new hires, employee performance, employees' handling of guest incidents, and tip percentages.

28. Defendant Imian Partners' and Heil's management authority over Defendants Lucy's Cantina Royale, Printer's Alley, and Local NYC includes oversight of operations at each location.

29. Host Restaurants and Huegel are responsible for liquor license applications for Defendants Lucy's Cantina Royale, Campagnola, Printer's Alley, Bill's Townhouse, Local NYC, Galli, Host RG Mercer, LLC, Host RG 74, LLC, and Host 1373, LLC.

30. Defendants Host Restaurants, Imian Partners, Lucy's Cantina Royale, Campagnola, Printer's Alley, Bill's Townhouse, Local NYC, and Galli engage in interrelated advertising and promotions, and/or have interrelated websites.

31. Defendants Host Restaurants, Lucy's Cantina Royale, Campagnola, Printer's Alley, Bill's Townhouse, Local NYC, Galli, Host RG Mercer, LLC, Host RG 74, LLC, and Host 1373, LLC, as well as Huegel and Sean Ryan, utilize a shared corporate office space in midtown Manhattan.  For example, tax forms from Defendant Lucy's Cantina Royale issue from this address and most of the Defendants use this address for service of process through Huegel.

32. At all relevant times, each Defendant has continuously been doing business in the State of New York and in Manhattan, New York.

33. At all relevant times, all Defendants have been functioning as a single, integrated enterprise.

34. At all relevant times, Defendants have continuously employed at least 15 employees.

35. At all relevant times, Defendants have continuously been an employer engaged in an industry affecting commerce under Sections 701(a), (b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(a), (b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

36. More than thirty days prior to the institution of this lawsuit, DeGracia filed a charge with the Commission alleging violations of Title VII by Defendants.

37. The Commission sent Defendants notice of DeGracia's charge.

38. On July 20, 2020, the Commission issued to Defendants a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendants to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

39. On July 20, 2020, the Commission also issued a letter outlining the proposed terms of conciliation and allowed Defendants an opportunity to respond. Thereafter, the Commission engaged in communications with Defendants to provide Defendants the opportunity to remedy the discriminatory practices described in the Letter of Determination.

40. On August 10, 2020, the Commission issued to Defendants a Notice of Failure of Conciliation advising Defendants that the Commission was unable to secure from Defendants a conciliation agreement acceptable to the Commission.

41. All conditions precedent to the institution of this lawsuit have been fulfilled.

STATEMENT OF CLAIMS

42. Defendant Lucy's Cantina Royale hired DeGracia as a server in or around April or May 2018.

43. Since at least May 2018, Defendants have engaged in unlawful employment practices, in violation of Section 703 of Title VII, 42 U.S.C. 2000(e)-2.

    a. Defendant Lucy's Cantina Royale became aware of DeGracia's pregnancy no later than late May 2018. DeGracia openly discussed her pregnancy with her co-workers and supervisors and, in late May 2018, she experienced a pregnancy-related medical emergency at work. After she left work to go to the hospital, her supervisor sent her a text message stating, "Just make sure you and the baby are fine thats whats [sic] important."

    b. On DeGracia's return to work after her medical emergency, Defendant Lucy's Cantina Royale required her and its other servers (who were all female) to sign arbitration agreements relinquishing their rights to file tort and employment discrimination claims in federal and state court.

    c. On or around June 29, 2018, DeGracia was working outdoors in the heat and had to sit down due to lightheadedness and feeling like she would faint. Defendant Lucy's Cantina Royale's General Manager initially refused to let her leave work. DeGracia then observed the General Manager speak to Sean Ryan, the Director of Operations of Defendant Host Restaurants. When that conversation ended, the General Manager said he had to let her leave work because she was pregnant.

    d. On July 1, 2018, DeGracia emailed her General Manager to ask for time off for an "urgent" doctor's appointment because she was "feeling worse."

    e. On July 2, 2018, Defendants decided to fire DeGracia.

    f. The termination decision was made by the General Manager of Defendant Lucy's Cantina Royale and Sean Ryan, the Director of Operations of Defendant Host Restaurants.

    g. When DeGracia returned to work on July 4, 2018, Defendant Lucy's Cantina Royale informed DeGracia of her termination,

    h. Defendant Lucy's Cantina Royale refused to tell DeGracia the reason for her termination other than that she was no longer "a good fit."

    i. Prior to her termination, DeGracia performed her duties satisfactorily.

    j. Defendants' decision to terminate DeGracia's employment was motivated by discriminatory animus against her sex (pregnancy).

44. The effect of the practices complained of in paragraph 43 above has been to deprive DeGracia of equal employment opportunities and otherwise adversely affect her status as an employee, because of her sex (pregnancy).

45. The unlawful employment practices complained of in paragraph 43 above were intentional.

46. The unlawful employment practices complained of in paragraph 43 above were done with malice or with reckless indifference to the federally protected rights of DeGracia.

47. The effects of the practices complained of in paragraph 43 have been to inflict emotional pain, suffering, and inconvenience upon DeGracia and deprive her of the financial and other benefits of working for Defendants.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendants, their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in sex discrimination against employees by terminating them on account of pregnancy.

B.     Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for women who are pregnant and which eradicate the effects of Defendants' past and present unlawful employment practices.

C.     Order Defendants to make DeGracia whole by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices, including but not limited to front pay and reinstatement of DeGracia.

D.     Order Defendants to make DeGracia whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 43-47 above, in amounts to be determined at trial.

E.     Order Defendants to make DeGracia whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 43-47 above, including emotional pain, suffering, humiliation, anxiety, stress, mental anguish, inconvenience, and other nonpecuniary losses, in amounts to be determined at trial.

F.     Order Defendants to pay DeGracia punitive damages for their malicious and reckless conduct, as described in paragraphs 43-47 above, in amounts to be determined at trial.

G.     Grant such further relief as the Court deems necessary and proper in the public interest.

H.     Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated: September 21, 2020
       New York, New York

SHARON FAST GUSTAFSON
General Counsel

ROBERT A. CANINO
Acting Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 M Street, N.E.
Washington, D.C. 20507

JEFFREY BURSTEIN
Regional Attorney

RAECHEL ADAMS
Supervisory Trial Attorney

/s/ Liane T. Rice
LIANE T. RICE (NY ID #4781993)
Trial Attorney

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
New York District Office
33 Whitehall Street, 5th Floor
New York, NY 10004-2112
(929) 506-5278 (telephone)
(212) 336-3623 (fax)
liane.rice@eeoc.gov