IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, )<br>Plaintiff, )<br>)<br>)<br>v. )<br>)<br>RED ONE PLAZA, LLC d/b/a LUCY'S CANTINA ROYALE, HOST RESTAURANTS, IMIAN PARTNERS, LLC, CAMP 1382, LLC d/b/a CAMPAGNOLA, HOST RG 40, LLC d/b/a PRINTER'S ALLEY, HOST RG 54, LLC d/b/a BILL'S TOWNHOUSE, LOCAL WEST, LLC d/b/a LOCAL NYC, 45 MERCER RESTAURANT, LLC d/b/a GALLI, HOST RG MERCER, LLC, HOST RG 74, LLC, and HOST 1373, LLC, )<br>Defendants. ) | No. 20 Civ. 7766 (LGS) |

## <u>CONSENT DECREE</u>

On September 21, 2020, Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC" or the "Commission") brought this action against Defendants Red One Plaza LLC d/b/a Lucy's Cantina Royale ("Lucy's Cantina Royale"), Host Restaurants, Imian Partners, LLC ("Imian Partners"), Camp 1382, LLC d/b/a Campagnola ("Campagnola"), Host RG 40, LLC d/b/a Printer's Alley ("Printer's Alley"), Host RG 54, LLC d/b/a Bill's Townhouse ("Bill's Townhouse"), Local West, LLC d/b/a Local NYC ("Local NYC"), 45 Mercer Restaurant, LLC d/b/a Galli ("Galli"), Host RG Mercer, LLC, Host RG 74, LLC, and Host 1373, LLC under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex (pregnancy) and to provide appropriate relief to Charging Party Miccol DeGracia ("Charging Party") who was affected by such unlawful practices (the "Litigation").   EEOC alleges that Defendants collectively fired Charging Party because of her sex (pregnancy).

In consideration of the mutual promises of each Party to this Consent Decree (the "Decree"), the sufficiency of which is hereby acknowledged, it is agreed and IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

**PART I        GENERAL PROVISIONS**

**Section 101   Purpose of this Decree**

A.      EEOC and Defendants (collectively, the "Parties") desire to settle this action, and therefore do hereby stipulate and consent to entry of this Decree as final and binding between the Parties, including Defendants' successors, assigns, subsidiaries, and any other entity with which Defendants may merge or consolidate.

B.      Defendants have denied, and continue to deny, the material allegations of EEOC's Complaint and the underlying EEOC Charge of Discrimination No. 520-2018-04728 in this matter and have entered into this Consent Decree strictly to avoid the burden, expense, and time necessary to litigate the matter.

C.      The Decree resolves all claims asserted in EEOC's Complaint and the underlying EEOC Charge of Discrimination No. 520-2018-04728 and its amendments, which served as the statutory precondition to filing suit.  This Decree in no way affects EEOC's right to process any pending or future charges that may have been or will be filed against Defendants, or to commence civil actions on any such charges.

D.      EEOC and Defendants agree that this Court has jurisdiction over the subject matter of the Litigation and the Parties, that venue is proper, and that all administrative prerequisites have been met. No Party will contest the validity of this Decree or the jurisdiction of the federal district court to enforce this Decree and its terms.

E.      The terms of this Decree apply to Defendants jointly and severally.

F.      The terms of this Decree represent the full and complete agreement of the Parties.  The Parties agree that this Decree may be entered into without Findings of Fact and Conclusions of Law being made and entered by the Court.

**Section 102    Definitions**

A.      **Days.**  All time periods counted in days refer to calendar days, not business days.

B.      **Effective Date.**  The "Effective Date" is the date this Decree is docketed by the clerk of court after it is signed by and/or so ordered by the Court.

**Section 103    Term of the Decree**

The Decree will remain in effect for a period of two years and a half (2.5) years from the Effective Date ("Term").  The Decree will not expire against any signatory while any enforcement action is pending against that signatory.

**Section 104    Applicability of Decree to Successors and Assigns or Upon Purchase, Merger or Consolidation**

A.      The terms of this Decree are and shall be binding on the present and future directors, officers, managers, agents, successors, and assigns of Lucy's Cantina Royale, Host Restaurants, Campagnola, Printer's Alley, Bill's Townhouse, Local NYC, Galli, Host RG Mercer, LLC, Host RG 74, LLC, and Host 1373 (collectively the "Named Defendants").

B.      Before any Named Defendant engages in any transfer of its business or their assets, it shall provide written notice of this lawsuit and a copy of the Complaint and this Decree to any potential purchaser of its business or assets, and to any potential successors, assigns, or affiliates, including any entity with which that Named Defendant may merge or consolidate.  That Named Defendant will provide written notice to EEOC twenty-one (21) days before any sale or transfer of its business or assets, or a transfer of substantially all of its business or assets.

**Section 105     Amendments to this Decree**

By mutual consent of the Parties, this Decree may be amended in the interests of justice and fairness and to facilitate execution of this Decree's provisions.  No waiver, modification, or amendment of any provision of this Decree will be effective unless made in writing, approved by all Parties to this Decree, and approved or ordered by the Court.

**Section 106     Severability**

If one or more provisions of this Decree are rendered unlawful or unenforceable as a result of a legislative act or a decision by a court of competent jurisdiction, the following will apply to ensure that this Decree continues to effectuate the intent of the Parties.  The provisions of this Decree which are not rendered unlawful, unenforceable, or incapable of performance as a result of such legislative act or court decision will remain in full force and effect and the Parties' responsibilities will not abate as to any and all provisions that have not been rendered unlawful or unenforceable, except to the extent that the intent of the Parties as expressed in this Decree would be undermined.

**Section 107     Breach of Decree**

A breach of any term of this Decree by any Defendant will be deemed a material and substantive breach of this Decree.  Nothing in this Decree will be construed to preclude EEOC from bringing proceedings to enforce this Decree if any Defendant fails to perform any of the terms contained herein. This Decree will be construed by this Court under applicable federal law.

**Section 108     Notices**

Except as otherwise provided for in this Decree, all notifications, reports, and communications to the Parties required under this Decree will be made in writing and will be sufficient as emailed to the following persons (or their designated successors):

For EEOC:              Liane Tai Rice
                       Trial Attorney
                       U.S. Equal Employment Opportunity Commission
                       33 Whitehall St., 5th Floor

New York, NY 10004
Email: liane.rice@eeoc.gov

and decreemonitor.nydo@eeoc.gov

For Defendants:  Benjamin Noren
        Davidoff Hutcher & Citron LLP
        605 Third Avenue
        New York, New York 10158
        Email: bn@dhclegal.com

Any Party may change such addresses by written notice to the other Parties setting forth a new address for this purpose.

## PART II  INJUNCTIVE RELIEF

### Section 201 Injunctions

A. Each Named Defendant, its managers, officers, agents, and any other person or entity acting on behalf of a Named Defendant, are hereby enjoined from terminating employees because of pregnancy.

B. Each Named Defendant, its managers, officers, agents and any other person or entity acting on behalf of a Named Defendant, are hereby enjoined from retaliating against any employee, including former employees, for asserting his or her rights under Title VII of the Civil Rights Act of 1964 or otherwise engaging in protected activity, including by:

  1. retaliating against Charging Party or any current or former employee who complains of discrimination, opposes practices he or she consider to be unlawfully discriminatory, files a charge of discrimination, complains about or reports discrimination or retaliation, or provides testimony or assistance with a complaint of discrimination or retaliation; or

  2. providing a negative review of a current or former employee's job performance or a negative or unflattering job reference to an outside employer or other third party because the employee engaged in a protected activity.

5

**Section 202     Non-Discrimination Policy and Complaint Procedure**

A.      Within seven (7) days of the Effective Date, Lucy's Cantina Royale, Host Restaurants, Campagnola, Printer's Alley, Local NYC, and Galli (the "Restaurant Defendants") will adopt anti-discrimination policies and complaint procedures ("Policies and Procedures"), attached as Exhibit A, setting forth Restaurant Defendants' commitment to equal opportunity in all aspects of employment and, at a minimum, containing the following:

1.      a detailed explanation of the prohibition against sex discrimination and retaliation, not limited to sexual harassment and including discrimination because of pregnancy;

2.      the assurance that Restaurant Defendants will not retaliate against employees who complain of discrimination, who oppose practices they consider to be unlawfully discriminatory, and/or who participate in protected activity or who provide information related to complaints of discrimination;

3.      a clearly described complaint process that provides accessible avenues of complaint with a number of choices of individuals to whom complaints can be made, including persons outside the employee's chain of command, and persons who speak Spanish or who have access to Spanish translation services;

4.      the assurance that Restaurant Defendants will accept any and all complaints from employees who wish to file complaints internally;

5.      the assurance that the filing of anonymous complaints is permitted and include safeguards to preserve the anonymity when requested by a complainant;

6.      the assurance that Restaurant Defendants will keep confidential to the extent possible and not publicize unnecessarily the subject matter of the complaints or the identity of the complainants;

7.      a process that provides a prompt, thorough, and effective investigation, including interviewing complainant and all witnesses and obtaining and reviewing all material documents identified by the complainant or respondent to the extent necessary to reach a reasonable conclusion concerning the allegations;

8.      a requirement that all aspects of an investigation be thoroughly documented in written form;

9.      identification, by name or job title, of the person responsible for investigating complaints;

10.     assurance that upon completion of an investigation into a discrimination complaint, the complainant and the respondent will promptly receive a summary of the conclusions reached as a result of the investigation;

11.     the assurance that Restaurant Defendants will take prompt and appropriate corrective action when they determine that discrimination has occurred;

12.     an explanation of employees' rights to reasonable workplace accommodations under Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act due to disability, religion, or pregnancy, childbirth, or related medical conditions (including, but not limited to lactation);

13.     a clearly described process for requesting workplace accommodations, including identification, by name or job title, of the person responsible for processing workplace accommodation requests;

14.     the assurance that Restaurant Defendants will not retaliate against employees who request workplace accommodations; and

15.     an explanation of employees' rights to file a charge of discrimination with EEOC and to do so without retaliation.

B.      Within thirty (30) days of the Effective Date, Restaurant Defendants will issue the Policies and Procedures to all employees with the Letter required by Section 205.   Restaurant Defendants will provide the Policies and Procedures to all employees who are newly hired or return from furlough within seven (7) days of their hire or return to work.

C.      Within thirty (30) days of the Effective Date, Restaurant Defendants will include the Policies and Procedures in their Employee Handbooks and will make this document available on any company websites that makes other human resources information or policies available to employees.

D.      Restaurant Defendants will inform employees that the Policies and Procedures are available in Spanish and will provide a Spanish-language copy of the Policies and Procedures to any employee who requests a Spanish-language copy.

E.      At least thirty (30) days prior to making any revision to the Policies and Procedures, Restaurant Defendants will submit a copy of the proposed revisions to EEOC for review for compliance with this Decree.

F.      References to the Policies and Procedures in this Decree is not a representation by EEOC that Restaurant Defendants have been or currently are in compliance with federal anti-discrimination laws.

**Section 203    Training**

A.      Within sixty days (60) days of the Effective Date and then on an annual basis throughout the Term, Restaurant Defendants will provide all of their managers, supervisors, and Human Resources employees with no fewer than ninety (90) minutes of training on laws prohibiting employment discrimination, including but not limited to Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, the Americans with Disabilities Act, the Equal Pay Act, and the Genetic Information Nondiscrimination Act. This training can be conducted by webinar or webconference.  The training will have interactive components.  The training will cover Restaurant

Defendants' policies and procedures prohibiting discrimination and retaliation, their complaint and investigation procedures, and their disciplinary policy for employees who engage in discriminatory or retaliatory behavior.  The training will also cover Restaurant Defendants' policies and procedures concerning workplace accommodations, including how such accommodations are requested, processed, and implemented.  The training will instruct attendees that if they learn of or see possible incidents of discrimination or retaliation, or are informed of a workplace accommodation request, they are required to immediately report it to the person designated in the Policies and Procedures.  The training will acknowledge employees' rights to file complaints with EEOC and state or local agencies.  The training will include examples of unlawful conduct, with a special emphasis on laws prohibiting pregnancy discrimination, laws requiring workplace accommodations on account of pregnancy, and laws prohibiting retaliation.  The training will further emphasize that Restaurant Defendants' owners, executives, managers, supervisors, and Human Resources employees must set the tone for enforcement of Restaurant Defendants' policies and procedures concerning discrimination, retaliation, and workplace accommodations, and that they must be especially careful not to engage in discrimination or retaliation. The training will confirm that employees who engage in discrimination or retaliation will be disciplined. Restaurant Defendants will provide a recording of the previous training to all managers, supervisors, and Human Resources employees who are newly hired or who return from furlough, within forty-five (45) days of that individual's hire, appointment, return to work, and/or assumption of managerial or supervisory responsibilities.

B.      Within seventy-five (75) days of the Effective Date and then on an annual basis throughout the Term, Restaurant Defendants will provide all of their non-supervisory employees with no fewer than one (1) hour of training in laws prohibiting employment discrimination, including but not limited to Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, the Americans with Disabilities Act, the Equal Pay Act, and the Genetic Information Nondiscrimination

Act.  This training can be conducted by webinar or webconference.  The training will have interactive components.  The training will cover Restaurant Defendants' policies and procedures prohibiting discrimination and retaliation, their complaint and investigation procedures, and their disciplinary policy for employees who engage in discriminatory or retaliatory behavior.  The training will also cover Restaurant Defendants' policies and procedures concerning workplace accommodations, including how such accommodations are requested, processed, and implemented.  The training will acknowledge employees' rights to file complaints with EEOC and state or local agencies.  The training will include examples of unlawful conduct, with a special emphasis on laws prohibiting pregnancy discrimination, laws requiring workplace accommodations on account of pregnancy, and laws prohibiting retaliation. The training will confirm that employees who engage in discrimination or retaliation will be disciplined. Restaurant Defendants will provide a recording of the previous training to all non-supervisory employees who are newly hired or who return from furlough, within seventy-five (75) days of that individual's hire, appointment, or return to work.

C.      The training programs required by this Section will be conducted by a third-party entity, Hinshaw & Culbertson LLP.  The training may be conducted in person or by webcast.  Restaurant Defendants have provided the curriculum vitae of the trainer to EEOC prior to the finalization of this Decree.  Restaurant Defendants will provide the training agendas and training materials to EEOC for its review within thirty (30) days of the Effective Date.  At least thirty (30) days prior to any scheduled training under this Section, Restaurant Defendants will provide EEOC with copies of any revisions to the training agendas, training materials, or trainers (including their curriculum vitae).

D.      Restaurant Defendants will maintain documentation regarding all trainings provided under this Section, including copies of the training agendas, training materials, the curriculum vitae of the trainer(s), and signed attendance lists identifying the date of each training and the name and job title of all attendees.

E.      Reference to the training in this Decree is not a representation by EEOC that Restaurant Defendants have been or currently are in compliance with federal anti-discrimination laws.

**Section 204    Notice of Resolution**

Within seven (7) days of the Effective Date, Restaurant Defendants will conspicuously post and maintain a "Notice of Lawsuit and Resolution" (attached as Exhibit B) in all prominent places where employee notices are posted, in each location of Restaurant Defendants' businesses.  This Notice will remain posted for the Term of the Decree.

**Section 205    Provision of Letter to Employees**

Within thirty (30) days of the Effective Date, Restaurant Defendants will provide to all employees a copy of the Letter (attached as Exhibit C) that affirms Restaurant Defendants' commitment to maintaining a work environment free of discrimination and retaliation, notifies employees of the new Policies and Procedures, and encloses either a copy of the Policies and Procedures or a weblink to the Policies and Procedures.  Defendants will provide the Letter (Exhibit C) to all employees who are newly hired or who return from furlough within seven (7) days of their hire or return to work.  These documents will be provided to employees by email, by mail, or with their paycheck.

**Section 206    EEO Posters**

Restaurant Defendants will post and maintain EEO posters in places visually accessible to job applicants and employees as required by federal regulations.

**Section 207    Monitoring and Reporting**

A.      EEOC may monitor Named Defendants' compliance with the Decree through inspection of Named Defendants' premises and records, and interviews with employees upon reasonable notice, unless EEOC determines that there is a threat of immediate harm to the public interest.  Named

Defendants will make available for inspection and copying any records related to this Decree upon request by EEOC.

B.      Within fifty (50) days of the Effective Date, Restaurant Defendants will provide to EEOC the written certification by a person with personal knowledge that Restaurant Defendants have complied with Section 202 (Non-Discrimination Policy and Complaint Procedure), Section 204 (Notice of Resolution), Section 205 (Provision of Letter to Employees), and Section 206 (EEO Posters) of the Decree.

C.      Within ninety (90) days of the Effective Date, Restaurant Defendants will provide to EEOC the written certification by a person with personal knowledge that Restaurant Defendants have complied with Section 203 (Training) of the Decree and will provide copies of the training agendas, training materials, curriculum vitae of the trainer(s), and signed attendance lists as described in that section.  Restaurant Defendants will identify, by full name and job title, any individual who did not receive training as required by Section 203 (Training).

D.      Every six (6) months following the Effective Date, Restaurant Defendants will provide a report containing the following:

1.      The written certification by a person with personal knowledge that Restaurant Defendants have continued to comply with Section 202 (Non-Discrimination Policy and Complaint Procedure), Section 203 (Training), Section 204 (Notice of Resolution), Section 205 (Provision of Letter to Employees), and Section 206 (EEO Posters) of the Decree;

2.      Copies of the signed attendance lists as described in Section 204 (Training) for all trainings provided during the prior six months, unless previously provided;

3.      Identification, by full name and job title, of any individual who did not receive training as required by Section 204 (Training) during the prior six months;

4.      Identification of any verbal or written complaints of pregnancy discrimination or retaliation from employees or job applicants, which were received, pending or closed during the prior six months.  The report will include (1) the full name and job title of the complainant, (2) the full name and job title of the alleged harasser(s) or discriminator(s), (3) the date of the complaint, (4) a description of the complaint, (5) a description of the steps taken by Restaurant Defendants to investigate the complaint, including the names of any witnesses identified in the investigation and whether they were interviewed, and (6) the findings of the investigation and any remedial action taken by Restaurant Defendants, including the identification, by full name and job title, of all decisionmakers; and

5.      Identification of any verbal or written requests for workplace accommodations related to pregnancy, childbirth, or related medical conditions, made by employees or job applicants, which were received, pending or closed during the prior six months.  The report will include (1) the full name and job title of the person requesting the accommodation, (2) the date of the request, (3) a description of the request, and (4) whether the request was granted or denied and, if it was denied, an explanation of why it was denied and identification, by full name and job title, of all decisionmakers.

**Section 208    Record Retention**

A.      Named Defendants will maintain such records as are necessary to demonstrate their compliance with the Decree and 29 C.F.R. § 1602 *et seq.*, and to verify that the certifications submitted pursuant to the Decree are accurate.

B.      For the Term and for one (1) year following the Term, Named Defendants will maintain all records relating to (1) complaints of discrimination or retaliation, including but not limited to the

investigation and remediation of such complaints, and (2) requests for workplace accommodations, including but not limited to the processing and implementation of such requests.

**Section 209    References for Charging Party**

Named Defendants agree that if they are contacted by any potential employer for a job reference for Charging Party, Named Defendants will provide her job title and dates of employment at Lucy's Cantina Royale, and no other statement.

**PART III      MONETARY RELIEF**

**Section 301    Monetary Relief to Charging Party**

A.      Within seven (7) days of the Effective Date, Named Defendants will retain a third-party settlement administrator (the "Administrator"), Settlement Services, Inc., for the purposes of establishing a qualified settlement fund and distributing the money held in that fund to Charging Party.  The Named Defendants will pay the costs and fees incurred by the Administrator in connection with this Decree.

B.      Within fourteen (14) days of the Effective Date, Named Defendants will deposit with the Administrator the total gross sum of forty-five thousand dollars ($45,000.00) to establish a fund (the "Fund") in a qualified settlement account.

C.      Within fourteen (14) days of a request by EEOC, and no later than December 31, 2021, the Administrator will send to Charging Party payments from the Fund of (1) twenty-two thousand five hundred dollars ($22,500.00), designated as compensatory damages and interest on backpay, and (2) twenty-two thousand five hundred dollars ($22,500.00), designated as back wages (collectively, the "Payments").  The Payments will be sent by certified mail, return receipt requested, to the Charging Party at an address to be provided by EEOC.  The Administrator will make all required withholdings from the portion of the Payments representing back wages for applicable federal, state, and local income taxes and the employee share of federal payroll taxes. Lucy's Cantina Royale or another Named Defendant will be responsible for (and may not deduct from the Payments to Charging Party) any tax

obligation Named Defendants incur as a result of the Payments, and will, within fourteen (14) days of the Effective Date, pay into the Fund the employer's share of payroll taxes, as calculated by the Administrator, and the Administrator's fee.  The Administrator will issue to Charging Party a statement identifying the nature and amount of all withholdings, IRS Form W-2, and IRS Form 1099, and will provide a copy of these documents to EEOC by e-mail at the time they are issued to Charging Party.

**PART IV      MISCELLANEOUS PROVISIONS**

**Section 401     Signatures**

Each signatory to this Decree represents that (s)he is fully authorized to execute this Decree and to bind the parties on whose behalf (s)he signs.

**Section 402     Expenses, Attorneys' Fees, and Costs**

Each Party shall bear its own expenses, attorneys' fees, and costs.

**Section 403     Enforcement of Decree**

A.      If EEOC has notified Named Defendants in writing not less than fifteen (15) days in advance of the expiration of this Decree that Named Defendants are not in compliance with any sections of this Decree, Named Defendants' obligations under this Decree will remain in effect until EEOC or the Court determines that Named Defendants are in compliance.

B.      The Court will retain jurisdiction over this action for all purposes including, but not limited to, the entering of all orders, judgments, and decrees as necessary to implement the relief

provided herein  Upon signature and approval by the Court, the matter may be administratively closed

but will not be dismissed

APPROVED IN FORM AND CONTENT

For Plaintiff EEOC

Jeffrey Burstein
Regional Attorney
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
New York District Office
33 Whitehall Street, 5th Floor
New York, New York, 10004

For Defendants

Benjamin Noren
Davidoff Hutcher & Citron LLP
605 Third Avenue
New York, New York 10158
Email  bn@dhclegal com

Curt Huegel

**SO ORDERED, ADJUDGED AND DECREED** this  23  day of  March  , 2021

_____
United States District Judge

It is hereby **ORDERED** that the above decree is fair and reasonable.  *See SEC v. Citigroup Glob. Mkts., Inc.*, 752 F.3d 285, 292 (2d Cir. 2014) (In reviewing a consent decree for fairness and reasonableness, a court should "assess (1) the basic legality of the decree; (2) whether the terms of the decree, including its enforcement mechanism are clear; (3) whether the consent decree reflects a resolution of the actual claims in the complaint; and (4) whether the consent decree is tainted by improper collusion or corruption of some kind."); *accord United States v. Chestnut Petroleum, Dist., Inc.*, No. 19 Civ. 0394, 2020 WL 5505298, *2 (S.D.N.Y. Sept. 11, 2020).

This action is dismissed without costs, any pending motions are **DENIED** as moot, and all conferences and deadlines are **CANCELED**.  The Clerk of Court is respectfully directed to close the case.

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

## *Equal Employment Opportunity*

Under Title VII of the Civil Rights Act of 1964 and related federal nondiscrimination laws, employers cannot discriminate against employees and applicants based on race, color, religion, sex, gender (including discrimination because of pregnancy), sexual orientation, age, national origin, citizenship status, disability, genetic information and veteran status. Employers also must abide by State nondiscrimination laws that can include a more expansive list of protections than federal law. The Company complies with all federal and state equal employment opportunity laws in all hiring and employment practices and makes every effort to ensure that it does not discriminate against employees and applicants. This policy addresses the company's commitment to providing equal opportunity employment for all employees and applicants and to promoting diversity in the workplace.

In compliance with New York state law, the company cannot discriminate based on age (18 and older), race, creed, color, national origin, ancestry, sexual orientation, military status, sex, disability, pregnancy status, predisposing geneticcharacteristics, familial status, marital status or status as a victim of domestic violence. The company cannotdischarge, expel or otherwise discriminate against anyone for opposing discriminatory practices, filing complaints or testifying or assisting in anti-discrimination proceedings.

The company values and promotes diversity in its workplace. *Diversity* refers to human differences, including those based on culture, ethnicity, gender and age, which exist in the workforce. The company believes that promoting diversity plays an important role in attracting the widest pool of qualified applicants, fostering greater innovation and creativity and enhancing our communication and relationships with customers and thecommunity.

The company ensures that employees and applicants who complain about discrimination, oppose any discriminatory practice, or participate in the investigation of such complaints are protected against retaliation.

The company does not discourage or obstruct employees and applicants from filing complaints with thefederal Equal Employment Opportunity Commission or state EEO agency.

No adverse employment actions are taken against employees and applicants because a complaint is filed or for opposing discriminatory actions or participating in the investigation of complaints. Employees also are protected against retaliation for talking about discrimination not on their own initiative but when respondingto questions during internal investigations.

## *Anti-Harassment and Anti-Discrimination*

The company's EEO policy governs overall compliance with all federal and state equal employment opportunity laws. This policy addresses the company's commitment to providing work environments free from harassment.

The company strives to keep its workplace free from all forms of harassment. Some examples of conduct that might be considered harassment include ethnic slurs, racist jokes, pornographic e-mail, unwelcome

touching, display of offensive pictures or any other verbal or physical conduct that has the purpose or effect of creating an intimidating, hostile or offensive work environment.

The company considers harassment in all forms to be a serious offense and to violate the company's EEO policy.

## Discrimination and Harassment Policy

The company makes every effort to ensure that its workplace remains free from all discrimination and harassment, including sexual harassment. All employees are required to work in a manner that prevents discrimination and harassment in the workplace. This policy is one component of the company's commitment to a discrimination-free work environment. Discrimination and harassment are against the law and all employees have a legal right to a workplace free from discrimination and harassment. Employees are urged to report discrimination and harassment by filing a complaint internally with the company.

The policy applies to all employees, applicants for employment, interns, whether paid or unpaid, contractors and persons conducting business, regardless of immigration status, with the company.  The company prohibits any form of discrimination and harassment of employees or applicants with respect to hiring, promotion, discharge, compensation, benefits, training and all other aspects of employment. Specifically, the company prohibits all employees, including managers and supervisors, from discrimination against or harassing other employees and applicants regardless of whether the incidents occur on the company's premises or occur during working hours; the company also prohibits any such conduct when dealing with customers and suppliers.

## Sexual Harassment Defined

Sexual harassment is unwanted verbal or physical sexual attention or conduct directed at an individual because of that individual's sex that directly or indirectly impacts employees' or applicants' employment, unreasonably interferes with employees' job performance or creates an intimidating, hostile or offensive work environment. It also can occur to anyone else affected by such conduct. While sexual harassment encompasses a wide range of conduct, some examples of specifically prohibited conduct include:

- ∆ directly or indirectly promising an employee a reward based on compliance with a sexually-oriented request;
- ∆ directly or indirectly threatening to retaliate against an employee if the employee refuses to comply with a sexually-oriented request;
- ∆ directly or indirectly denying an employee or applicant an employment-related opportunity if the employee or applicant refuses to comply with a sexually-oriented request; engaging in sexually suggestive physical contact or touching another employee or applicant in a way that is unwelcome;
- ∆ displaying, storing, or transmitting pornographic or sexually-oriented materials using company equipment or facilities;
- ∆ engaging in indecent exposure;
- ∆ using words, signs or making jokes or pranks of a sexual nature; or
- ∆ making sexual or romantic advances toward an employee and persisting despite the employee's rejection of the advances.

## Examples of Sexual Harassment

The following describes some of the types of acts that may be unlawful sexual harassment and that are strictly prohibited:

- Physical acts of a sexual nature, such as:
  o Touching, pinching, patting, kissing, hugging, grabbing, brushing against another employee's body orpoking another employee's body;
  o Rape, sexual battery, molestation or attempts to commit these assaults.

- Unwanted sexual advances or propositions, such as:
  o Requests for sexual favors accompanied by implied or overt threats concerning the target's jobperformance evaluation, a promotion or other job benefits or detriments;
  o Subtle or obvious pressure for unwelcome sexual activities.

- Sexually oriented gestures, noises, remarks or jokes, or comments about a person's sexuality or sexualexperience, which create a hostile work environment.

- Sex stereotyping occurs when conduct or personality traits are considered inappropriate simply because they may not conform to other people's ideas or perceptions about how individuals of a particularsex should act or look.

- Sexual or discriminatory displays or publications anywhere in the workplace, such as:
  o Displaying pictures, posters, calendars, graffiti, objects, promotional material, reading materials or other materials that are sexually demeaning or pornographic. This includes such sexual displays on workplace computers or cell phones and sharing such displays while in the workplace.

- Hostile actions taken against an individual because of that individual's sex, sexual orientation, genderidentity and the status of being transgender, such as:
  o Interfering with, destroying or damaging a person's workstation, tools or equipment, or otherwiseinterfering with the individual's ability to perform the job;
  o Sabotaging an individual's work;
  o Bullying, yelling, name-calling.

Sexual harassment can involve males or females being harassed by members of either sex, including harassment based on gender identity or transgender status. Harassers can be a superior, a subordinate, a coworker or anyone in the workplace including an independent contractor, contract worker, vendor, client customer or visitor. Although sexual harassment can involve a person in a greater position of authority as theharasser, persons in positions of lesser or equal authority also can be found responsible for engaging in prohibited harassment.

Sexual harassment also occurs when a person in authority tries to trade job benefits for sexual favors. Thiscan include hiring, promotion, continued employment or any other terms, conditions or privileges of employment. This is also called "quid pro quo" harassment.

Unlawful sexual harassment is not limited to the physical workplace itself. It can occur while employees are traveling for business or at employer sponsored events or parties. Calls, texts, emails, and social

media usageby employees can constitute unlawful workplace harassment, even if they occur away from the workplace premises, on personal devices or during non-work hours.

Sexual harassment can be physical and psychological in nature. An aggregation of a series of incidents canconstitute sexual harassment even if one of the incidents considered on its own would not be harassing.

Importantly, employees, including managers and supervisors, receive training on and should review the company's dating policy for information about consensual sexual or romantic relationships between employees.

## Complaint Procedures

The Company is committed to enforcing its policy against all forms of harassment and discrimination. If employees feel that they or another employee may have been subjected to harassment, discrimination, or retaliation, they should report it immediately so that the Company may take appropriate corrective action.

Therefore, if you are subjected to or become aware of any conduct that you believe violates this policy, you are encouraged to promptly speak to, write, or otherwise contact your immediate supervisor or the General Manager. The Company will provide assistance if your primary language is Spanish. Further, complaints may also be brought directly to Sean Ryan, Director of Operations, at *sryan@hostrestaurants.com*, at any time for any reason, such as if the matter is especially sensitive or personal or the supervisor or manager were involved. If you have not received a satisfactory response after reporting any incident of what you perceive to be discriminatory or retaliatory conduct, you are encouraged to immediately contact Sean Ryan. A form for submission of a written complaint is attached to this Handbook and can also be obtained from Sean Ryan. All employees are encouraged, but not required, to use this complaint form. Your complaint should be as detailed as possible, including the names of all individuals involved and any witnesses (among other things).

Any manager or supervisor who is informed of or observes harassing or discriminatory conduct is required to immediately report the conduct to Sean Ryan so that an investigation can be made and corrective action taken, if appropriate. In addition to being subject to discipline if they engage in harassing, discriminatory, or retaliatory conduct themselves, supervisorsand managers will be subject to discipline for failing to report such conduct, or otherwise knowingly allowing such conduct to continue. Supervisors and managers will also be subject to discipline for engaging in any retaliation.

Upon receiving a complaint, the Company will ensure that a prompt investigation is conducted. The Company will thoroughly investigate the facts and circumstances of all claims of perceived harassment, discrimination, or retaliation and will take prompt corrective action, as appropriate. The Company understandsthat complaints can be extremely sensitive and, as far as practicable, will keep such complaints and all communications concerning them confidential.

While the process may vary from case to case, the general procedure for an investigation will be as follows:

- Upon receipt of a complaint, the General Manager will conduct a prompt review of the allegations, andtake any interim actions, as appropriate.

- The Company will take steps to obtain and review key relevant documents, communications, records, etc.
- Interview key parties involved, including relevant witnesses.
- Create written documentation or a report thoroughly documenting all aspects of the investigation.
- Promptly notify the complainant and the accused of the outcome of the investigation, provide them with a summary of the conclusions reached, and implement any corrective actions.

Any employee may be required to cooperate as needed in an investigation of suspected harassment, discrimination, or retaliation. As discussed in more detail below, retaliation against individuals who complain of harassment or discrimination or who testify or assist in any investigation or proceeding under the law is unlawful and strictly prohibited by the Company. If the Company determines that any employee violates our policy regarding harassment, discrimination, or retaliation, that person will be disciplined accordingly, which may include termination. False and malicious complaints of discrimination, harassment, or retaliation (as opposed to complaints that, even if erroneous,  are made in good faith) may be the subject of appropriate disciplinary action.

Employees may also choose to pursue legal remedies with governmental entities. The New York State Human Rights Law (HRL) protects employees, interns and non-employees, regardless of immigration status. A complaint alleging violation of the HRL may be filed with the NYS Division of Human Rights or in court. The U.S. Equal Employment Opportunity Commission (EEOC) enforces federal anti-discrimination laws, including Title VII of the 1964 federal Civil Rights Act. An individual can file a charge with the EEOC and may have the right to file a lawsuit in court. Employees may also have rights under local anti-discrimination laws. For instance, employees who work in New York City may file complaints of discrimination, harassment or retaliation with the New York City Commission on Human Rights. Possible remedies available to victims of harassment or discrimination include action to stop the harassment, damages, attorneys' fees and civil fines. This is an important topic and we encourage  you to discuss any questions you may have concerning any part of this policy with us.

## Unlawful Retaliation Prohibited

All forms of unlawful retaliation are prohibited, including any form of discipline, reprisal, intimidation, or other form of retaliation for participating in any activity protected by law. Examplesof protected activities include (without limitation):

- Lodging a good faith internal complaint with Sean Ryan
- Filing a good faith complaint of unlawful discrimination or harassment.
- Participating in the Company's internal investigation into allegations of sexual harassment.
- Requesting a reasonable accommodation arising out of a disability, pregnancy, or sincerely held religious belief.

The examples above are illustrative only, and not exhaustive. No form of retaliation for anyprotected activity will be tolerated. If you believe you are being retaliated against for engaging in protected activity, please immediately notify Sean Ryan.

## Violations of this Policy

Any employee, regardless of position or title, who the Company determines has subjected an individual to harassment, discrimination or retaliation in violation of this policy will be subject to discipline, up to and including immediate termination of employment.  If the Company determines that any such

violation of its policies has occurred, appropriate corrective action will be taken as warranted by the circumstances.

## Legal Protections And External Remedies

Harassment, discrimination, and retaliation are not only prohibited by the Company but are also prohibited by state, federal, and, where applicable, local law.

Aside from the internal process at the company, employees may also choose to pursue legal remedies withthe following governmental entities. While a private attorney is not required to file a complaint with a governmental agency, employees may seek the legal advice of an attorney.

In addition to those outlined below, employees in certain industries may have additional legal protections.

## State Human Rights Law (HRL)

The Human Rights Law (HRL), codified as N.Y. Executive Law, art. 15, § 290 et seq., applies to all employers inNew York State with regard to discrimination and sexual harassment, and protects employees, paid or unpaid interns and non- employees, regardless of immigration status. A complaint alleging violation of the Human Rights Law may be filed either with the Division of Human Rights (DHR) or in New York State Supreme Court.

Complaints with DHR may be filed any time within three years of the harassment or within one year of the discriminatory act. If an individual did not file at DHR, they can sue directly in state court under the HRL, within three years of the alleged sexual harassment or discriminatory act. An individual may not file with DHR if they have already filed a HRL complaint in state court.

Complaining internally to the company does not extend your time to file with DHR or in court. The one (1) year or three (3) years is counted from date of the most recent incident of harassment or discrimination.

Employees do not need an attorney to file a complaint with DHR, and there is no cost to file with DHR.

DHR will investigate an individual's complaint and determine whether there is probable cause to believe thatsexual harassment or discrimination has occurred. Probable cause cases are forwarded to a public hearing before an administrative law judge. If sexual harassment or discrimination is found after a hearing, DHR has the power to award relief, which varies but may include requiring the employer to take action to stop the harassment/discrimination, or redress the damage caused, including paying of monetary damages, attorney's fees and civil fines.

DHR's main office contact information is: NYS Division of Human Rights, One Fordham Plaza, Fourth Floor,Bronx, New York 10458. You may call (718) 741-8400 or visit: www.dhr.ny.gov/.

Contact DHR at (888) 392-3644 or visit dhr.ny.gov/complaint for more information about filing a complaint.The website has a complaint form that can be downloaded, filled out, notarized and mailed to DHR. The website also contains contact information for DHR's regional offices across New York State.

## Civil Rights Act of 1964

The United States Equal Employment Opportunity Commission (EEOC) enforces federal anti-discrimination laws, including Title VII of the 1964 federal Civil Rights Act (codified as 42 U.S.C. § 2000e et seq.). An individual can file a complaint with the EEOC anytime within 300 days from the

discrimination. There is no cost to file a complaint with the EEOC. The EEOC will investigate the complaint and determine whether there is reasonable cause to believe that discrimination has occurred, at which point the EEOC will issue a Right to Sue letter permitting the individual to file a complaint in federal court.

The EEOC does not hold hearings or award relief but may take other action including pursuing cases in federalcourt on behalf of complaining parties. Federal courts may award remedies if discrimination is found to have occurred. In general, private employers must have at least 15 employees to come within the jurisdiction of the EEOC.

An employee alleging discrimination at work can file a "Charge of Discrimination." The EEOC has district, area,and field offices where complaints can be filed. Contact the EEOC by calling 1-800-669-4000 (TTY: 1-800-669- 6820), visiting their website at www.eeoc.gov or via email at info@eeoc.gov.

If an individual filed an administrative complaint with DHR, DHR will file the complaint with the EEOC topreserve the right to proceed in federal court.

## Local Protections
Many localities enforce laws protecting individuals from sexual harassment and discrimination. An individual should contact the county, city or town in which they live to find out if such a law exists. Employees who workin New York City may file complaints of sexual harassment with the New York City Commission on Human Rights. Contact their main office at Law Enforcement Bureau of the NYC Commission on Human Rights, 40 Rector Street, 10th Floor, New York, New York; call 311 or (212) 306-7450; or visit www.nyc.gov/html/cchr/html/home/home.shtml.

## Contact the Local Police Department
If the harassment involves unwanted physical touching, coerced physical confinement or coerced sex acts,the conduct may constitute a crime. Contact the local police department.

## *Reasonable Accommodations for Disabilities*

The Company will provide reasonable accommodations for an employee's (i) sincerely held religious beliefs, (ii) disability, (iii) pregnancy, childbirth or related condition (including, but not limited to lactation), and (iv) needs as a victim of domestic violence, sex offenses or stalking, and for other qualifying reasons, in accordance with applicable federal, state, and local laws, unless doing so would create an undue hardship for the Company.

If you believe you need an accommodation for a qualifying reason under this policy or applicable law, you should request an accommodation from your General Manager, who will process your request. The Company encourages, but does not require you to make your request in writing and to include relevant information, such as: (1) a description of the accommodation you are requesting; (2) the reason you need an accommodation; and (3) how the accommodation will help resolve the conflict with your work requirements. After receiving your request, or if the Company has notice that you may need an accommodation, the Company will engage in an interactive, cooperative dialogue with you to explore potential accommodations. The Company encourages you to suggest specific reasonable accommodations that you believe would resolve any such conflict. However, the Company is not required to make the specific accommodation requested by you and may provide an alternative, effective accommodation, to the extent any accommodation can be made without imposing an undue hardship on

the Company. The Company makes determinations about accommodations on a case-by-case basis considering various factors and based on an individualized assessment in each situation.

If you are requesting an accommodation for a disability and your disability or need for accommodation is not obvious, the Company may ask  you to provide supporting documents showing that you have a disability within the meaning of the Americans with Disabilities Act, as amended (the "ADA") and applicable state or local laws, and that your disability necessitates a reasonableaccommodation. To the extent practicable and required by applicable law, the Company will keep confidential any medical or other information that it obtains in connection with your request for a reasonable accommodation. The Company is also committed to not discriminating against any qualified employees or applicants because they are related to or associated with a person with a disability.

Retaliation against an employee for requesting a reasonable accommodation arising out of a disability, pregnancy, a sincerely held religious belief, status as a victim of domestic violence (or certain other offenses) or other qualifying reason under applicable law is strictly prohibited.

## *Lactation Accommodation*

Upon request, the company will provide a private space where employees can express breast milk shieldedfrom view and free from intrusion. The company will also provide a refrigerator suitable for breast milk storage.



# Model Complaint Form for Reporting Sexual Harassment

*The Company*

New York State Labor Law requires all employers to adopt a sexual harassment prevention policy that includes a complaint form to report alleged incidents of sexual harassment.

If you believe that you have been subjected to sexual harassment, you are encouraged to complete this form and submit it to Sean Ryan at *sryan@hostrestaurants.com.* You will not be retaliated against for filing a complaint.

If you are more comfortable reporting verbally or in another manner, your employer should complete this form, provide you with a copy and follow its sexual harassment prevention policy by investigating the claims as outlined at the end of this form.

**For additional resources, visit: ny.gov/programs/combating-sexual-harassment-workplace**

## COMPLAINANT INFORMATION

Name:

Work Address:                                              Work Phone:

Job Title:                                                      Email:

Select Preferred Communication Method:   ☐ Email      ☐ Phone      ☐ In person

## SUPERVISORY INFORMATION

Immediate Supervisor's Name:

Title:

Work Phone:                          Work Address:

## COMPLAINT INFORMATION

1.      Your complaint of Sexual Harassment is made about:

   Name:                                  Title:

   Work Address:                          Work Phone:

   Relationship to you:      ☐ Supervisor      ☐ Subordinate      ☐ Co-Worker      ☐ Other

2.      Please describe what happened and how it is affecting you and your work. Please use
        additional sheets of paper if necessary and attach any relevant documents or evidence.

3.      Date(s) sexual harassment occurred:

        Is the sexual harassment continuing?         ☐ Yes         ☐ No

4.      Please list the name and contact information of any witnesses or individuals who may
        have information related to your complaint:

        *The last question is optional, but may help the investigation.*

5.      Have you previously complained or provided information (verbal or written) about
        related incidents? If yes, when and to whom did you complain or provide information?

If you have retained legal counsel and would like us to work with them, please provide their
contact information.

Signature: _____          Date: _____



**EXHIBIT B**

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**New York District Office**

This Notice is being posted as part of a Consent Decree, settling a lawsuit brought by the U.S. Equal Employment Opportunity Commission ("EEOC") against your employer in Federal Court. In its lawsuit, EEOC alleged that your employer discriminated on the basis of pregnancy.

Federal law prohibits employers from discriminating against or harassing employees and job applicants based on race, national origin, sex (including pregnancy, sexual orientation, and gender identity), religion, color, age, disability, or genetic information.  Employers are required to provide reasonable workplace accommodations due to religion, disability, or pregnancy, childbirth, or related medical conditions. Federal law also prohibits employers from retaliating against individuals who complain about or oppose discrimination or participate in any way in the processing of a complaint.

Your employer and its owners, managers, and supervisors will support and comply with Federal law prohibiting discrimination against any employee because of pregnancy and will insure that no employee who asserts his or her rights under the law will suffer retaliation in any form.

As part of the settlement, your employer:

1. Will not terminate any employee because of her pregnancy, or retaliate against any person who exercises his or her rights under Federal anti-discrimination laws;
2. Will maintain and distribute written policies and procedures prohibiting discrimination and retaliation, and allowing employees to request workplace accommodations;
3. Will provide training to all current and future employees on Federal anti-discrimination laws;
4. Will permit EEOC to monitor compliance with the Consent Decree;
5. Will provide EEOC periodic reports on complaints of pregnancy discrimination, retaliation, and requests for workplace accommodations for pregnancy, childbirth, or related medical conditions;
6. Will post and distribute this Notice; and
7. Will pay monetary damages to the employee alleging pregnancy discrimination.

Should you have a complaint of discrimination, retaliation, or a failure to accommodate, you may report it to any EEOC office throughout the United States, including the New York District Office, at:

**Equal Employment Opportunity Commission**
**33 Whitehall Street, 11th Floor, New York, New York 10004**
**(800) 669-4000     TTY: (800) 669-6820     www.eeoc.gov**

Dated:_____
**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE ALTERED OR DEFACED BY ANYONE OR**
**COVERED BY ANY OTHER MATERIAL**

This notice must remain posted for two and a half (2.5) years from date shown above.  Any question concerning this Notice or compliance with its provision may be directed to the EEOC at the number listed above.

**EXHIBIT C**

# Lucy's Cantina Royale

## 1 Pennsylvania Plaza, New York, NY 10119

Dear Employee,

We are committed to maintaining a work environment free of harassment, discrimination and retaliation.  To that end, we have updated our Employee Handbook, and direct you to [INSERT WEB ADDRESS] for your review.  Should you have any questions or concerns please feel free to reach out to your managers.

Best,

_____

Tim Ryan